SHARP *against* DORR.

*DEY*, for the defendant, moved to set aside the default, entered in this cause, *for want of a plea.* He read an affida-

*Where a rule is entered for the plaintiff to declare, before the end of the next term, the plaintiff has the whole of the last day of the term in which to declare; and his default cannot be entered until the next day thereafter.*

vit, stating, that on the 3d of *July*, 1818, the defendant's attorney entered a rule for the plaintiff to declare, before the end of the next *August* term, of which notice was given to the plaintiff's attorney, on the 6th of *July*. No declaration having been received, the defendant's attorney, on *Saturday*, the 15th of *August*, being the last day of the term, filed an affidavit of the service of the notice of the rule to declare, and entered a default, for not declaring, after three o'clock, P. M. of that day. On *Monday*, the 17th of *August*, the defendant's attorney was served with a copy of the declaration, and notice of a rule to plead, upon which he gave notice to the plaintiff's attorney, of the default for not declaring having been entered, and proceeded to complete his judgment. The plaintiff's attorney entered a default, for want of a plea, on the 16th of *October*, and gave notice of executing a writ of inquiry of damages, on the 30th of *October*.

*Caines*, contra, insisted, that the default entered, for not declaring, was irregular, as the plaintiff had the whole of the last day in which to declare, so that no default could be entered until the next day, or *Monday* following.

*Per Curiam*. The plaintiff was entitled to the whole of the last day of the term in which to declare, so that his default could not be regularly entered until after that day. But we grant the defendant's motion, on payment of costs.

Motion granted, on payment of costs.